IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY J. WAGGONER,                                                                           PLAINTIFF

v.                              Case No. 4:06-cv-4091

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Billy Waggoner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 8).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

Plaintiff protectively filed for disability insurance benefits (DIB) on September 6, 2002, alleging disability due to back, hip, and leg pain since January 14, 2001. (Tr. 48-50, 57, 84).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's applications were denied initially and on reconsideration. (Tr. 27-30, 33-39). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on September 8, 2003. (Tr. 19-22, 40-44, 207-224). On February 10, 2004, the ALJ issued an unfavorable decision. (Tr. 9-18). The Appeals Council concluded that no basis existed for review of the ALJ's decision and on June 26, 2004, Plaintiff sought judicial review before the United States District Court for the Western District of Arkansas. (Tr. 4-8, 247-259).

While the Commissioner's February 2004 unfavorable final decision was pending before the Court, Plaintiff filed a new DIB application on August 31, 2004. (Tr. 234, 283-285). This application was denied initially and on reconsideration. (Tr. 260-273). On June 8, 2005, Plaintiff requested a hearing before an ALJ regarding the August 2004 application. (Tr. 274-275). On September 8, 2005, the Honorable Bobby E. Shepherd, United States Magistrate Judge, remanded the Commissioner's February 2004 unfavorable final decision concerning the September 2002 DIB application for further administrative proceedings. (Tr. 247-256). The matter was remanded for the ALJ to perform a credibility analysis and to obtain vocational expert (VE) testimony. (Tr. 255-259).

Pursuant to the remand Order, another hearing was held before an ALJ on January 17, 2006. (Tr. 241, 255-259, 335-370). The ALJ considered both the September 2002 and August 2004 DIB applications. (Tr. 234, 338). Plaintiff, represented by attorney Charles Barnette, and a medical expert appeared and testified at the hearing, along with VE Ken Waits. (Tr. 335-370). The ALJ issued an unfavorable decision on March 29, 2006. (Tr. 231-240). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 225-227).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ erred by finding Plaintiff has the RFC for sedentary work; and the ALJ erred in his reliance of VE testimony. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; substantial evidence supports the ALJ's RFC finding; and substantial evidence supports the ALJ's finding of work existing in significant numbers that Plaintiff could perform.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility. The Plaintiff asserts the ALJ failed to perform a proper *Polaski* evaluation. The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *See Cline*, 939 F.2d at 565.

In the present action, the ALJ acknowledged *Polaski,* however, there was no review of or mention of several of the factors. The ALJ makes no reference to any of the medications being taken by Plaintiff even though the record indicates Plaintiff's use of prescription and over-the-counter medications and at least one medication Plaintiff discontinued because of side effects. (Tr. 294, 316).

The ALJ does list Plaintiff's daily activities and states these are inconsistent with Plaintiff's alleged level of pain, but the ALJ fails to state how these activities are inconsistent. It is not enough that inconsistencies exist, the ALJ must set forth the inconsistencies in the evidence and discuss

them. *See Cline v. Sullivan,* 939 F.2d 560, 567 (8th Cir. 1991). As for the second factor of Polaski, the duration, frequency and intensity of pain, the ALJ states such symptomatology is not disabling but provides no analysis or discussion supporting this finding. (Tr. 238).

Because the ALJ did not properly examine the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of *Polaski* must be performed.[3]

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion

**ENTERED** this **19th day of September, 2007.**

/s/  Barry A. Bryant
HON.  BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] Because I find the ALJ did not properly apply *Polaski,* the Court will not address the other issue raised by Plaintiff.